UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GOLDEN ELPIDA S.A.,

                             Plaintiff,            08 CV 7321 (DAB)

-v-

                                          **VERIFIED COMPLAINT**

AMPSONI LTD., a/k/a AMPSONI LTD., GEORGIA,

                             Defendant.
-------------------------------------------------------------x

      Plaintiff, GOLDEN ELPIDA S.A. (hereinafter "GOLDEN ELPIDA"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendant, AMPSONI LTD., a/k/a AMPSONI LTD., GEORGIA (hereinafter "AMPSONI") alleges upon information and belief as follows:

## JURISDICTION

      1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

      2.     At all times material hereto, Plaintiff, GOLDEN ELPIDA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Panama, with principal place of business at Panama.

      3.     At all times material hereto, Defendant, AMPSONI, upon information and belief, was and still is a foreign business entity with a registered agent for service of

process: Okten Denizcilik Ticaret Ltd. Sti, Izmir Caddesi Dacka A-1 Sitesi, No. 1/1 , P.K. 34520, Beylikduzu – Istanbul, Turkey.

## AS A FIRST CAUSE OF ACTION

4.  On or about May, 16 2008, GOLDEN ELPIDA, as owners of the M.V. GOLDEN ELPIDA, and AMPSONI, as charterers, entered into an amended GENCON charter party agreement for the carriage of a cargo of scrap metal from Poti, Georgia to 1 safe port/ berth Marmara, Turkey, although discharge was ultimately arranged for Diler-Hereke, Turkey.

5.  This GENCON charter party agreement is a maritime contract.

6.  Pursuant to the terms and conditions agreed between the parties in the charter party contract, GOLDEN ELPIDA and AMPSONI agreed to, among other things, the payment of demurrage to GOLDEN ELPIDA and the arbitration of disputes arising out of the maritime contract.

7.  In accordance with the parties' agreement, GOLDEN ELPIDA delivered the M.V. GOLDEN ELPIDA at Poti on May 20, 2008 and tendered Notice of Readiness on the same day.

8.  As a result of AMPSONI's failure to arrange timely berthing and loading operations, the vessel berthed on May 30, 2008 and loading did not commence until May 31, 2008. The total time lost on demurrage arising from AMPSONI's failure to fulfill its obligations in accordance with the parties' agreement was 12 days, 18 hours and 30 minutes, resulting in an outstanding balance of demurrage in the amount of US $19,501.46.

9. Despite demands by GOLDEN ELPIDA to AMPSONI, and AMPSONI's promises to pay demurrage in a timely manner, AMPSONI, in breach of the terms of the May 16, 2008 GENCON charter party agreement, has failed, neglected and/or otherwise refused to pay plaintiff for such demurrage. To date, the total amount due and owing to GOLDEN ELPIDA by AMPSONI is US $19,501.46.

10. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$10,000.00.

11. In accordance with the terms of the agreement, disputes arising out of the agreement are to be resolved by way of maritime arbitration proceedings held before arbitrators who are experts in maritime matters. GOLDEN ELPIDA has appointed its arbitrator and demanded AMPSONI to proceed to arbitration with this matter. To date, AMPSONI has failed to acknowledge GOLDEN ELPIDA's appointment of an arbitrator and, additionally, has failed to counter-appoint a nominee within the designated fourteen (14) day period.

12. As best as can now be estimated, the Plaintiff GOLDEN ELPIDA expects to recover the following amounts in London arbitration from Defendant AMPSONI:

    A. Principal claim

        Demurrage: *$ 19,501.46*

    B. Estimated interest on Principal claim: *$ 4,836.83*

                3 years at 7.5%, compounded quarterly

| | | | |
|---|---|---|---|
| | C. | Estimated attorneys' fees: | *$ 15,000.00* |
| | D. | Estimated arbitration costs/expenses: | *$ 10,000.00* |
| | | **Total Claim** | **$ 49,338.29** |

13.    Therefore, GOLDEN ELPIDA's total claim for breach of the maritime contract against Defendant is in the aggregate US$49,338.29.

## BASIS FOR ATTACHMENT

14.    Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

15.    Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA,

Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing itto appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of US$49,338.29 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York

August 19, 2008

                        CHALOS & CO
                        Attorneys for Plaintiff
                        GOLDEN ELPIDA S.A.

By: _____
                        George M. Chalos (GC-8693)
                        123 South Street
                        Oyster Bay, New York 11771
                        Tel: (516) 714-4300
                        Fax: (866) 702-4577
                        Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GOLDEN ELPIDA S.A.,

                                              Plaintiff,           08 CV 7321 (DAB)

-v-

                                                                **VERIFICATION OF**
                                                                **COMPLAINT**

AMPSONI LTD., a/k/a AMPSONI LTD., GEORGIA,

                                              Defendant.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, GOLDEN ELPIDA S.A., herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       August 19 2008

                            CHALOS & CO, P.C.
                            Attorneys for Plaintiff
                            GOLDEN ELPIDA S.A.

By:     _____
            George M. Chalos (GC-8693)
            123 South Street
            Oyster Bay, New York 11771
            Tel: (516) 714-4300
            Fax: (866) 702-4577
            Email: gmc@chaloslaw.com